UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY B. PELLETIER,
    *Plaintiff*,

v.

PURDUE PHARMA L.P.,
    *Defendant*.

No. 3:15-cv-233 (JAM)

**RULING GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Gary Pelletier filed a discrimination claim alleging that he suffered age and sexual orientation discrimination while still employed by defendant Purdue Pharma L.P. Roughly a month later, he was terminated. He then filed a second discrimination complaint for wrongful termination and retaliation.

Defendant has filed a motion to dismiss, arguing that all of plaintiff's claims are either released as part of a severance agreement, unexhausted, or fail to plausibly raise a legitimate claim. Because I conclude that the severance agreement cannot be considered at this stage, I will deny the motion to dismiss as to plaintiff's age discrimination, wrongful termination, and retaliation claims, subject to their reconsideration as a motion for summary judgment. Because plaintiff does not otherwise state a plausible claim for relief with respect to sex discrimination under Title VII or with respect to sexual orientation or age discrimination under state law, I will grant the motion to dismiss without prejudice as to those claims.

**BACKGROUND**

The following are the facts as alleged by plaintiff in his federal court and EEOC complaints, construed liberally. Plaintiff is a gay man and worked for defendant as a Senior

1

Analyst. He was 49 years old when he was terminated. Sometime before his termination, in roughly April 2013, plaintiff's partner applied for a job with defendant and was denied. Plaintiff's father then passed away, and the newspaper obituary identified plaintiff and his partner. Plaintiff alleges that it was only after considering his partner's job application and reading the obituary that defendant became aware that he was gay.

In July 2013, plaintiff's superior, Michael Donahy, met with plaintiff and told him "that they could get younger people to take [his] job." Doc. #1 at 3. At this time, plaintiff claims he was "written up" by Donahy as a disciplinary measure. In January 2014, plaintiff dual-filed a complaint ("the January Complaint") with the Connecticut Commission on Human Rights and Opportunities (CHRO) and the U.S. Equal Employment Opportunity Commission (EEOC), alleging that this "write up" was the result of age and sexual orientation discrimination and the beginning of a plan to create a paper trail to justify his termination.

In February 2014, defendant terminated plaintiff's employment, purportedly as part of a general company "restructuring." In August 2014, plaintiff filed a second complaint ("the August Complaint") with the CHRO and EEOC, alleging retaliation for filing his original complaint and wrongful termination. He received a right-to-sue letter from the EEOC regarding the January Complaint on November 24, 2014, and a right-to-sue letter from the EEOC regarding the August Complaint on February 12, 2015. He commenced this action *pro se* on February 19, 2015. He filled out a federal court complaint on a pre-printed form for *pro se* litigants, alleging federal claims of discrimination on the basis of sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and age under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*[1]

---

[1] Plaintiff also alleged race discrimination in his complaint, but has withdrawn that claim.

As part of its motion to dismiss, defendant alleges the following facts that are not set forth in the complaint. At the time it notified plaintiff that he would be terminated, it offered plaintiff the chance to sign a document entitled "Agreement and General Release" (the "Release") in exchange for a severance payment of $22,566.15 plus benefits. The Release provided that

> With the exception of the allegations raised in the complaint currently pending before the Connecticut Commission on Human Rights and Opportunities . . . and the Equal Employment Opportunity Commission . . . , Employee, of Employee's own free will, knowingly and voluntarily releases and forever discharges the Company . . . from any and all liability to Employee for actions . . . whatsoever, in law or equity, which, Employee . . . may now have . . . against The Purdue Associated Entities as of the date of the execution of this Agreement, . . . . [T]his Agreement . . . shall release The Purdue Associated Entities from any and all matters arising out of Employee's employment by Purdue and the cessation of said employment. . . including, but not limited to, any alleged violation of (i) Title VII of the Civil Rights Act of 1964, as amended; . . . (iii) the Age Discrimination in Employment Act of 1967 . . . (x) any other federal, state or local civil or human rights laws, whistleblowing or retaliation laws . . . .

Doc. #19-1 at 6-7. The email informing plaintiff that he was being terminated and offering the severance in exchange for signing the Release also encouraged him to the consult with a lawyer before signing the document and gave him 45 days to make a decision. Plaintiff signed the Release in April 2014, and he received severance payments in exchange. Defendant further alleges that plaintiff received a right-to-sue letter from the CHRO with respect to the January Complaint on September 19, 2014.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.,* 770 F.3d 170, 177 (2d Cir.

2014). Moreover, "'[a]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to survive a motion to dismiss. *Ibid.* (quoting *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009)); *see also Krys v. Pigott,* 749 F.3d 117, 128 (2d Cir. 2014) (noting that court is "not bound to accept as true a legal conclusion couched as a factual conclusion" or "to accept as true allegations that are wholly conclusory") (citations and internal quotation marks omitted).

To be sure, "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006)). But even a *pro se* complaint must plead enough facts to state a plausible claim for relief. "We have noted our obligation to construe pro se complaints liberally, even as we examine such complaints for factual allegations sufficient to meet the plausibility requirement." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). In short, my role in reviewing the motion to dismiss is to determine whether the complaint—apart from any of its conclusory allegations and construing its *pro se* allegations liberally—sets forth sufficient facts to state a plausible claim for relief.

### *The Release*

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank,* 199 F.3d 99, 107 (2d Cir. 1999); *Thomas v. Goord*, 215 F. App'x 51, 53 (2d Cir. 2007). A court may also consider "documents upon whose terms and effect the complaint relies heavily, *i.e.,* documents that are integral to the complaint." *Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). If a document does not fall within these categories, a court must, for the purposes of a motion to dismiss,

4

"exclude the additional material and decide the motion on the complaint alone." *Friedl v. New York*, 210 F.3d 79, 83 (2d Cir. 2000); *MacFall v. City of Rochester*, 495 F. App'x 158, 161 (2d Cir. 2012).

Defendant argues that plaintiff released all the claims he raises in his complaint when he signed the Release in exchange for a severance payment. But plaintiff did not attach the release to his complaint, incorporate it by reference, or even mention its existence. *See, e.g.*, *Calcutti*, 273 F. Supp. 2d at 498 (release could not be considered on motion to dismiss where it was "neither mentioned in, attached to, nor incorporated by reference in the" complaint).

Nor may I take judicial notice of the Release. Under the Federal Rules of Evidence, I may take judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Such facts must either be "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* Here, the Release has not been filed with any court nor been authenticated in any way. It would therefore be improper for the Court to take judicial notice of its existence or the truth of its contents. *See Ranta v. City of New York*, 2015 WL 5821658, at *9 (E.D.N.Y. 2015); *Muhammad v. Schriro*, 2014 WL 4652564, at *3 (S.D.N.Y. 2014).

Accordingly, the Court will convert the portion of defendant's motion that relies on the Release into a motion for partial summary judgment pursuant to Rule 12(d). *See Ranta*, 2015 WL 5821658, at *9. Plaintiff may file any additional materials pertinent to the motion by July 28, 2016, and defendant may file any reply to plaintiff's submission by August 12, 2016.

### *Sexual Orientation and Sex Discrimination Claims under Title VII*

Defendant next alleges that plaintiff either has not exhausted his administrative remedies with respect to his claim of sex discrimination, or—to the extent his complaint is instead construed to raise a claim for sexual orientation discrimination under Title VII—that plaintiff fails to state a claim upon which relief can be granted. I agree.

In his federal court complaint, plaintiff alleges sex discrimination. In his original administrative complaint, he did not check off discrimination on the basis of sex, but only on the basis of sexual orientation.[2] Plaintiff's counsel stated at oral argument that plaintiff's theory of sex discrimination is that he suffered from "sex-stereotyping" under *Price-Waterhouse v. Hopkins*, 490 U.S. 228 (1989). Even if I were to conclude, in light of plaintiff's original *pro se* status, that he has adequately exhausted his administrative remedies with respect to this theory, the facts as alleged do not state a claim under Title VII.

Title VII's prohibition on sex discrimination does not include a prohibition on sexual orientation discrimination. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 217 (2d Cir. 2005); *Guttilla v. City of New York*, 2015 WL 437405, at *9 n.14 (S.D.N.Y. 2015). Title VII does, however, prohibit gender stereotyping, which can have substantial overlap with discrimination on the basis of a plaintiff's sexual orientation. *See Kiley v. Am. Soc. for Prevention of Cruelty to Animals*, 296 F. App'x 107, 109 (2d Cir. 2008); *Dawson*, 398 F.3d at 218 ("[S]tereotypical notions about how men and women should behave will often necessarily blur into ideas about heterosexuality and homosexuality."). But "a gender stereotyping claim should not be used to bootstrap protection for sexual orientation into Title VII." *Ibid.*

Here, construing plaintiff's complaint liberally, he has alleged that his employer decided to discipline and fire him as a result of learning that he was in a long-term relationship with another man. On the facts alleged, there is "no basis . . . to surmise that [plaintiff] behaved in a stereotypically feminine manner and that the harassment he endured was, in fact, based on his non-conformity with gender norms instead of his sexual orientation." *Simonton v. Runyon*, 232

---

[2] Though the administrative complaints were not attached to the federal court complaint, plaintiff referred throughout to the EEOC complaints, and appended two EEOC right-to-sue letters. Because plaintiff specifically mentions and relies on his EEOC complaints, it is appropriate for me to consider their contents in deciding the motion to dismiss. *See, e.g.*, *Pleau v. Centrix, Inc.*, 501 F. Supp. 2d 321, 325 (D. Conn. 2007).

6

F.3d 33, 38 (2d Cir. 2000). Plaintiff fails to state a claim for sex discrimination for which relief can be granted, and I will dismiss the claim without prejudice to plaintiff's filing an amended complaint within 14 days from the date of this ruling that re-pleads the claim if such facts actually exist and are alleged that would warrant a claim of gender-based sex discrimination.

### *State Law Claims for Sexual Orientation and Age Discrimination*

The complaint asserts only federal law claims and does not mention any potential violations of state law. To the extent that plaintiff might wish to pursue any state law claims for sex and age discrimination, defendant contends that plaintiff did not bring this action within the time limit required by the CHRO right-to-sue letter that plaintiff received regarding the January Complaint. Although courts sometimes consider right-to-sue letters at the motion to dismiss stage that are not attached to the complaint, they usually do so when a plaintiff specifically relies on the letter in the complaint. *See, e.g.*, *Gibson v. State of Conn., Judicial Dep't, Court Support Servs. Div.*, 2006 WL 1438486, at *3 (D. Conn. 2006); *Wong v. Health First Inc.*, 2005 WL 1676705, at *3 (S.D.N.Y. 2005) (citing cases). Plaintiff did not attach a CHRO right-to-sue letter or reference any such letter in the complaint.

Even if I were to conclude that, having filed his complaint *pro se*, that plaintiff had properly pled the state law claims, it is far from clear that plaintiff has exhausted his administrative remedies for such state law claims. *See Gibson*, 2006 WL 1438486, at *3; *see also Azcona v. Wal-mart Stores, Inc.*, 2015 WL 5822598, at *2 (D. Conn. 2015) ("Before bringing a CFEPA [state law] claim in federal court, a plaintiff must first exhaust her administrative remedies."). If plaintiff wishes to assert any state law claims, he may file a motion for leave to amend his complaint by July 12, 2016, to assert such state law claims and if he believes in good faith and shows that his state law claims were exhausted and were timely filed in federal court.

7

**CONCLUSION**

Defendant's motion to dismiss (Doc. #18) is GRANTED in part. Plaintiff's federal sex discrimination claim is dismissed without prejudice to his filing of an amended complaint within 14 days of this order. Because defendant has raised matters outside the pleadings, the portion of the motion to dismiss concerning the Release is converted to a motion for summary judgment. Plaintiff may file any opposition to defendant's motion for summary judgment and any supporting documents on or before July 28, 2016, and defendant may file any reply to plaintiff's submission on or before August 12, 2016.

It is so ordered.

Dated at New Haven this 29th day of June 2016.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge